UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 1 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BERKELEY HOMELESS UNION,

Plaintiff - Appellee,

ADRIEN BOUCHARD; et al.,

Plaintiffs,

v.

CITY OF BERKELEY; et al.,

Defendants - Appellants,

No. 26-2755

D.C. No.
3:25-cv-01414-EMC
Northern District of California,
San Francisco

ORDER

Before: FRIEDLAND, R. NELSON, and BADE, Circuit Judges.
Order by Judges FRIEDLAND and BADE; Concurrence by Judge FRIEDLAND; Dissent by Judge R. NELSON.

The motion (Docket Entry No. 4) to intervene is denied. *See E. Bay Sanctuary Covenant v. Biden*, 102 F.4th 996, 1001 (9th Cir. 2024) (policies underlying Federal Rule of Civil Procedure 24 guide this court's analysis of a motion to intervene). This denial is without prejudice to movants filing a motion for leave to file a brief as amicus curiae.

Briefing is temporarily stayed. The court will address the motions for an extension of time to file the opening brief and to consolidate by separate order.

*Berkeley Homeless Union, et al. v. City of Berkeley, et al.*, No. 26-2755

FRIEDLAND, J., concurring:

I write separately to highlight that the merits of the district court's orders are not before our panel. Our motions panel has been presented only with a motion to intervene in the pending appeal, and that appeal will be assigned to another panel for decision on the merits. Accordingly, I refrain from engaging with the dissent's comments on the merits.

*Berkeley Homeless Union, et al. v. City of Berkeley, et al.*, No. 26-2755

R. NELSON, J., dissenting:

I respectfully dissent. Proposed Intervenors have carried their burden for both interventions as of right under Federal Rule of Civil Procedure 24(a) and alternatively for permissive intervention under Rule 24(b). We apply a four part test for motions for intervention as a matter of right under Rule 24(a): "(1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action." *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1493 (9th Cir. 1995).

The latter three elements are all easily met. Rule 24(a)(2) provides intervention to those with an interest that may be practically impaired or impeded "unless existing parties adequately represent that interest." *Berger v. N. Carolina State Conf. of the NAACP*, 597 U.S. 179, 195 (2022). This presents "intervenors with only a minimal challenge." *Id.* "An applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir.

2006). Proposed Intervenors' protected interest related to Plaintiffs' claims in the federal litigation. And the possibility of impairment became concrete when the state proceedings were stayed earlier this month. *Id.* The third and fourth factors are also met. Given the recent state court stay, Proposed Intervenors' relief now rests with the federal action. And the City is adverse to the Proposed Intervenors in state court, so the two interests diverge.

The only factor that presents a close question is timeliness. In hindsight, Proposed Intervenors perhaps should have intervened when the federal litigation was filed. But timeliness is measured by "the date the proposed intervenor should have been aware that its interests would no longer be protected adequately by the parties, not the date it learned of the litigation." *United States v. State of Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996). Until the state court litigation was stayed, Proposed Intervenors could have ostensibly pursued their interests against the City in parallel as the City defended itself against Plaintiffs. But after the stay, Proposed Intervenors were given a concrete signal that their interests could not be protected in state court and intervention in federal court was necessary. Given that we interpret Rule 24 liberally for intervention, this motion is timely enough given the other factors. *See Washington State Bldg. & Const. Trades Council, AFL-CIO v. Spellman*, 684 F.2d 627, 630 (9th Cir. 1982); *cf. Berger*, 597 U.S. at 195.

Permissive intervention is alternatively appropriate. Proposed Intervenors

have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Plaintiffs' Americans with Disabilities Act (ADA) action and Proposed Intervenors' state court action share the same operative facts related to the homeless encampments. *See id.* As this minimal requirement is met, permissive intervention is warranted.

It may ultimately not matter much. A review of the merits highlights the low stakes at issue in this intervention motion. Few orders seem so destined to be vacated, if not reversed, as the injunction on appeal. *Cf. Juliana v. United States*, 947 F.3d 1159, 1175 (9th Cir. 2020); *In re United States*, No. 24-684, 2024 WL 5102489, at *1 (9th Cir. May 1, 2024). The Supreme Court in *City of Grants Pass, Or. v. Johnson*, 603 U.S. 520, 542 (2024), made clear that the Eighth Amendment is no shield to stop states from restoring peace and safety to our communities by clearing out dangerous homeless encampments. Nor can the ADA end-run the Supreme Court's common-sense decision. *See Where Do We Go Berkeley v. California Dep't of Transp.*, 32 F.4th 852, 862 (9th Cir. 2022). So Plaintiffs cannot show any likelihood of success on the merits of their ADA claims.

Indeed, we reversed the district court on similar claims. *See id.* In granting the injunction, the district court cited the reasoning in its simultaneous summary judgment order. *Berkeley Homeless Union v. City of Berkeley*, No. 25-CV-01414-EMC, 2026 WL 1405737, at *3, 5, 6, 9 (N.D. Cal. Apr. 3, 2026). The district court

attempted to distinguish this case from *Where Do We Go Berkeley* because this case involved a city rather than a state agency with a singular mission. *See Berkeley Homeless Union v. City of Berkeley*, No. 25-CV-01414-EMC, 2026 WL 916930, at *16 (N.D. Cal. Apr. 3, 2026). That distinction is specious. We were categorical: the ADA cannot compel a state actor to house homeless encampments with no regard to the "safety risks that make clearing [] encampments so critical." *Where Do We Go Berkeley*, 32 F.4th at 862. District courts must not only respect our holdings but also "the reasoning essential to it (the *ratio decidendi*)." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 419 (2024) (Gorsuch, J., concurring). So it is hard to see how the injunction based on Plaintiffs' ADA claims could be affirmed without creating an intra-circuit split that would need to be resolved en banc.

Judicial legitimacy—and legitimacy of our government—rests on prudence. *See* THE FEDERALIST NO. 37, 38 (Madison); *accord* Ilan Wurman, *The Original Understanding of Constitutional Legitimacy*, 2014 BYU L. REV. 819, 862–63 (2015). Both prudence and our jurisprudence counsel allowing cities and states to take commonsense steps necessary to keep ordinary Americans safe from the real dangers presented by homeless encampments. *Where Do We Go Berkeley*, 32 F.4th at 855 (noting dangers homeless encampments can pose to the public).

All of that to say that while Proposed Intervenors' interest may differ from the City's interest, as relevant to the intervention motion, all their interests should be

vindicated. Proposed Intervenors can make those vital arguments as amicus. If the City does not seek review in the rare chance of an adverse decision, Proposed Intervenors should be allowed to do so.